**MIDWEST COMMUNICATIONS INC., Debtor.**

**No. 01–00653–D.**

United States Bankruptcy Court, N.D. Iowa.

Nov. 5, 2001.

John M. Titler, Cedar Rapids, IA, for debtor.

Janet Reasoner, Cedar Rapids, IA, Assistant United States Trustee.

## ORDER RE U.S. TRUSTEE'S MOTION TO DISMISS OR CONVERT

PAUL J. KILBURG, Chief Judge.

On October 10, 2001, the above-captioned matter came on for hearing pursuant to assignment on the U.S. Trustee's Motion to Dismiss or Convert pursuant to 11 U.S.C. § 1112(b). Debtor appeared by Attorney John Titler. Also present was Assistant U.S. Trustee Janet Reasoner. Evidence was presented after which the Court took the matter under advisement.

## STATEMENT OF FACTS

Debtor is an internet service provider which provides internet service in a limited geographical area in the State of Iowa. Mr. Ed Larson is the CEO of Debtor corporation and has been so for approximately 7 years. This Debtor previously filed for Chapter 11 protection several years ago. During that reorganization, Debtor attempted unsuccessfully to sell the business. Debtor moved to dismiss the prior bankruptcy which was granted. Debtor filed the present Chapter 11 on March 9, 2001 again seeking reorganization under Chapter 11. At the time of filing, Debtor had somewhat in excess of 15,000 subscribers. Since the filing of the bankruptcy, the number of subscribers has increased to approximately 17,500.

The U.S. Trustee filed the pending Motion to Dismiss or Convert on August 23, 2001. The U.S. Trustee asserts and it is largely uncontested that the profit and loss statements filed in this case reflect that Debtor has shown a loss in most months since the filing of the petition. In total, Debtor has experienced losses totaling $41,000 since the commencement of this case. Also, since the filing of the petition, Debtor has accumulated $11,000 in accruing tax obligations. In addition, Debtor has accumulated substantial trade payables in excess of $500,000. While Debtor is servicing some of its obligations, it appears that the two largest creditors are not being paid because of limited available cash. The U.S. Trustee asserts and the record establishes that, as of the time of hearing, Debtor is administratively insolvent.

While Debtor has taken some action during the course of this bankruptcy, the results do not provide reason for optimism. Debtor has increased the number of sub-

scribers but this has not generated a positive cash flow. Mr. Ed Larson, Debtor's CEO, stated that the company has made attempts to sell the business. However, this has not been an extensive effort. Debtor now states that it wishes to aggressively get into the market and attempt to sell the business. Prior to the hearing on the Motion to Dismiss or Convert, Debtor filed a Motion to Hire Global Emerging Market Advisors Dallas, LLC to evaluate the business and explore the potential sale of Debtor's assets. Debtor testified that this group has a thorough knowledge of this market and is optimistic that they will be able to successfully market this business. Mr. Larson testified that, based upon the nature of the business and the assets, the business is much more valuable and will generate a substantial amount of money if it can be sold within the context of a Chapter 11 reorganization. In addition, Mr. Larson stated that the company has rebuilt its billing system and that it is actively pursuing accounts receivable. In addition, Mr. Larson testified that the company is attempting to substantially increase its customer base.

## CONCLUSIONS OF LAW

■ The U.S. Trustee has filed a Motion to Dismiss or Convert this Chapter 11 case under 11 U.S.C. § 1112. This Code section states in relevant part that:

> (b) Except as provided in subsection (c) of this section, on request of a party in interest or the United States Trustee or bankruptcy administrator, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

> (1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

11 U.S.C. § 1112(b).

The U.S. Trustee takes the position that this case has been on file for in excess of 7 months and Debtor has not filed a plan or a disclosure statement. She asserts that Debtor continues to experience losses and has incurred additional debt and accumulated taxes since the filing of the petition which Debtor is or will be unable to pay. The Trustee takes the position that Debtor is administratively insolvent and will not be able to propose a plan in good faith within a reasonable period of time which will be confirmable. For these reasons, the U.S. Trustee seeks dismissal of this case.

Debtor asserts that 11 U.S.C. § 1112(b) requires two findings. First, the Court must conclude that Debtor is experiencing a continuing loss to or diminution of the estate. Secondly, the Court must find that there is an absence of a reasonable likelihood of rehabilitation. Debtor does not directly dispute that, since the filing of the petition up to the time of hearing, Debtor has experienced a continuing loss or diminution to the estate. The record amply establishes that since that time, Debtor has experienced in excess of $40,000 in loss, has accrued a substantial tax obligation for future payment, has generated substantial trade payables, and has very sporadically paid creditors. There appears to be no doubt that, at this time, Debtor continues to experience a loss and that, for all practical purposes, Debtor is administratively insolvent at this time.

Nevertheless, counsel for Debtor asserts that § 1112(b) requires, in addition to a loss to the estate, a finding that there is no reasonable chance of rehabilitation. In this regard, Debtor asserts that, through its internal changes, the business will be-

gin to show a profit on paper. Secondly, Debtor asserts that if it is allowed to retain Global, it will be able to sell the business and generate a substantial amount of cash. Debtor asserts that, if the business is not sold within the context of the bankruptcy, the assets will be of little value. Finally, Debtor states that it needs additional time within which to make a sale and formulate a plan. Debtor states that it will take somewhat more than 45 days within which to propose a realistic plan and disclosure statement.

In response, the U.S. Trustee states that the petition has been on file since March of 2001. Seven months without a plan or a disclosure statement on the horizon constitutes too much time. Debtor's attempts to sell the business may well be the only way for creditors to receive a dividend. However, there are no assurances that Global or any other company will be able to sell this business, which presents a continual losing financial picture, for sufficient cash to satisfy creditors.

## CONCLUSIONS

The Court has evaluated the entire record presented herein. Debtor has clearly experienced financial problems over an extended period of time. Debtor has previously filed for Chapter 11 protection and attempted to sell the business unsuccessfully for a profit. Debtor is now seven months into a new filing and has continued to experience financial losses. Debtor now seeks to sell the business in order to generate funds. However, as the U.S. Trustee points out, Debtor is seven months into this bankruptcy proceeding and is only now retaining a company to sell this business. It is extremely speculative to assume that these advisors can successfully market this business and, even if they are able to do so, that they can market it at a sufficient profit to satisfy creditors. Even

so, Debtor cannot propose any type of plan until this comes to fruition, and there is no guarantee or even a reasonable possibility that Debtor can provide assurances as to when such a sale might occur.

Debtor has done very poorly since the filing of the Chapter 11 petition. Debtor continues to lose money on a regular basis and has new accruing obligations which cannot be paid. Debtor asks the Court to find that the amount of time which has transpired since the filing of the petition is not unreasonable. Debtor seeks additional time within which to generate a plan and disclosure statement. The Court agrees that a debtor should be allowed a reasonable opportunity to show that a confirmable plan of reorganization can be presented. However, when there is no reasonable possibility of an effective reorganization, the bankruptcy court is not required to wait for any specific time period. This is particularly so when a debtor is administratively insolvent, the debt load is continuing to increase and the rights of creditors are being impaired. *In re Economy Cab and Tool Co., Inc.*, 44 B.R. 721, 724 (Bankr.D.Minn.1984).

In this case, the Court must conclude that Debtor has been stalled in its efforts to reorganize this business. Debtor is now making dramatic efforts to salvage something from this business. However, the Court is not convinced that these efforts will reverse the financial fortunes of this corporation nor is the Court convinced that the passage of time will enhance Debtor's efforts to file a feasible plan and rehabilitate this corporation. As such, this Court must conclude that the U.S. Trustee has established grounds to dismiss or convert this case. Based upon the posture of Debtor's creditors, the Court finds no substantial reason to convert this case to a Chapter 7.

**44**

WHEREFORE, for all of the reasons set forth herein, the U.S. Trustee's Motion to Dismiss under 11 U.S.C. § 1112(b)(1) is GRANTED and this case is DISMISSED.

FURTHER, it is ordered that Debtor pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within ten days of the entry of this order and simultaneously provide to the U.S. Trustee an appropriate affidavit indicating the cash disbursement for the relevant period.